# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION


**SHANNA GIBSON, o/b/o M.A.M.G., a minor**                                                  **PLAINTIFF**

**v.**                                                                  **CIVIL ACTION NO. 3:15CV155-SAA**

**CAROLYN W. COLVIN, Acting**
**Commissioner of Social Security Administration**                                          **DEFENDANT**


## MEMORANDUM OPINION

  This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying child supplemental security income benefits under Title XVI to M.A.M.G. ("plaintiff"). Plaintiff protectively filed an application for benefits on October 25, 2012, alleging disability beginning on September 8, 2012. Docket 8, p. 133-44. Her claim was denied initially on November 2, 2012. *Id.* at 54-63. Although the ALJ's opinion states that her claim was denied upon reconsideration on December 5, 2012, that denial is not present in the transcript. Docket 8, p. 63. On January 29, 2013, plaintiff filed a request for hearing (*id.* at 91) and attended an administrative hearing on April 18, 2014 without representation. *Id.* at 39-51. After she obtained counsel, the ALJ held an additional hearing on June 13, 2014. *Id.* at 17-38. The Administrative Law Judge (ALJ) issued an unfavorable decision on July 25, 2014, and on August 11, 2015, the Appeals Council denied plaintiff's request for a review. *Id.* at 60-77, 1-3. Plaintiff timely filed this appeal from the ALJ's most recent decision, and it is now ripe for review.

  Because both parties have consented to have a magistrate judge conduct all the

proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

## I.  FACTS

Shanna Gibson filed this action on behalf of her daughter, who was born on September 8, 2012.  At the time of the hearing decision, on July 25, 2014, the child was 22 months old. Plaintiff alleges the child is disabled due to pediatric brachial plexal, inability to use her right arm and pain.  Docket 8, p. 24.  The ALJ determined the plaintiff suffered from a "severe" impairment of brachial plexus palsy at birth (Docket 8, p. 66), but that this impairment did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (416.924(d, 416.925 and 416.926 ) or that functionally equals the severity of the listings in 20 CFR 416.924(d) and 416.926(a).  *Id*. 66-67.  Upon further analysis under applicable rulings and regulations, the ALJ found the testimony of plaintiff's mother as to the severity, intensity, and symptoms was "simply not credible and is overexaggerated."  Docket 8, p. 70.   After evaluating all of the evidence in the record, including testimony of the mother, the ALJ held that the child is not disabled under the Social Security Act.  *Id.* at 76.

Plaintiff asserts that the ALJ erred in declining to find that her severe impairment met, medically equaled or functionally equaled a listed impairment and that proper development of the record would have resulted in a determination of disability.

## II.  STANDARD OF REVIEW

 The Personal Responsibility and Work Opportunity Reconciliation Act statutorily amended the relevant substantive standard for evaluating children's disability claims.  Under the 1996 Act, a child seeking SSI benefits based on disability will be found disabled if she has a

medically determinable impairment "which results in marked and severe functional limitations," and which meets the statutory duration requirement. *See* 42 U.S.C. § 1382c(a)(3)(C) (2004). In determining disability of a child, the Commissioner, through the ALJ, works through a three-step sequential evaluation process.[1] At all stages of the proceedings the burden rests upon the plaintiff to prove disability. First, the ALJ determines whether the child is working.[2] Second, the ALJ decides whether the child has an medically determinable "severe" impairment or combination of impairments. Finally, at step three, for a finding of disabled, the ALJ must conclude the child's impairment or combination of impairments meets, medically equals or functionally equals the severity of an impairment listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.02.[3] If plaintiff's impairment is severe but does not meet or equal in severity a listed impairment, the ALJ must then determine whether the impairment is "functionally equal in severity to a listed impairment."

Under the final regulations published by the Social Security Administration, effective January 2, 2001, the Commissioner evaluates a child's functional limitations in the following six domains:

1. Acquiring and using information;
2. Attending and completing tasks;
3. Interacting and relating with others;
4. Moving about and manipulating objects;
5. Caring for himself; and
6. Health and physical well-being.

---

[1] *See* 20 C.F.R. § 404.924 (2004).

[2] 20 C.F.R. § 416.924(b) (2006).

[3] 20 C.F.R. §§ 416.924(d), 416.925 (2006).

20 C.F.R. § 416.926a(b)(1)(i-vi)(2007). "An impairment(s) causes marked and severe functional limitations if it meets or medically equals the severity of a set of criteria for an impairment in the listings, or if it functionally equals the listings." 20 C.F.R. § 416.924(d)(2006). A medically determinable impairment or combination of impairments functionally equals a listed impairment if it results in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. *See* 20 C.F.R. § 416.926a (2007). When deciding whether a child has a marked or extreme limitation, the ALJ must consider the child's functional limitations in all areas, including their interactive and cumulative effects, then make a determination as to whether the child is disabled under the Act.

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). A court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[4] even if it finds that the evidence leans against the Commissioner's decision.[5]

The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a

---

[4]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[5]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since October 1, 2012, the application date. Docket 8, p. 66. He found that plaintiff's "history of brachial plexus palsy at birth" is a severe impairment at step two (i*d.)*, and at step three, the ALJ concluded that plaintiff's impairments or combination of impairments did not meet or medically equal any listed impairment in 20 CFR 404, Subpart P, Appendix 1. After examining the six domains, the ALJ concluded that the plaintiff's impairments or combination of impairments did not functionally equal a listed impairment, resulting in a determination that plaintiff was not disabled. *Id.* at 66-67. Specifically, the ALJ held plaintiff had less-than-marked impairment in the areas of "moving and manipulating objects" and "health and physical well-being," and no limitation at all in the remaining four domains. Docket 8, p. 70-76.

Plaintiff asserts that the ALJ improperly decided to consider only Listing 111.06 Motor

Dysfunction, and had he considered Listing 101.04, Disorders of the Spine, or 101.08, Soft tissue injury, plaintiff would have met, medically equaled or functionally equaled either listing. Docket 12, p. 6-10. Further, plaintiff claims the ALJ was required to obtain a medical opinion as to plaintiff's abilities following her surgery. Because she had surgery after her application date, and additional medical evidence was received after the initial opinion by the state agency physician – who was the only physician to provide any opinion as to plaintiff's abilities – plaintiff argues that SSR-96-6p required the ALJ to obtain an updated medical expert opinion on the question of equivalency. Docket 12, p. 9. Most importantly, plaintiff argues that a medical opinion based upon all of plaintiff's medical records would have concluded that plaintiff functionally met a listing because she had an extreme limitation in the domain of moving about and manipulating objects or a marked limitation in both the domain of moving about and manipulating objects and the domain of health and physical well-being. Docket12, p. 12-14.

The Commissioner responds that the ALJ's consideration of only Listing 111.06 was proper and that neither Listing 101.04 nor Listing 101.08 applies to plaintiff's impairment. Docket 13, p. 4-5. Specifically, the Commissioner alleges that plaintiff's injury is a neurological issue and not a soft tissue injury requiring continuing surgical management. *Id.* at 13. The Commissioner notes that the state agency physician, Dr. Evans, determined that plaintiff's impairment was properly considered under Listing 111.06, motor dysfunction due to any neurological disorder, and the record does not evidence a need for further surgical management. The Commissioner makes a similar argument with regard to Listing 101.04, Disorders of the Spine. *Id.* at 7-8. Citing a January 22, 2013 MRI, the Commissioner submits that plaintiff's impairment does not meet any of the requirements of compression fracture, cord compression, or

significant spinal canal stenosis required by Listing 101.04.

As to plaintiff's argument that the ALJ improperly concluded plaintiff's impairment did not functionally equal a listing, the Commissioner relies heavily upon the Childhood Disability Evaluation Form completed by Dr. Evans on November 2, 2012 when plaintiff was two months old and not able to physically perform many activities simply because of her age. Docket 13, p. 12. Dr. Evans opined that plaintiff had a marked limitation in "moving about and manipulating objects" and no limitation or less than marked limitation in the remaining areas. Docket 8, p. 53-59. As a result, the Commissioner asserts that the ALJ's conclusion that plaintiff did not have marked limitation in "moving about and manipulating objects" was not reversible error because there is no evidence to support a finding of marked limitation in any other area. *Id.* at 10. Finally, the Commissioner argues that the ALJ had sufficient evidence to determine that plaintiff did not meet, equal or functionally equal a listed impairment, and therefore an updated medical opinion from a medical expert on medical equivalence was unnecessary.

The court has carefully reviewed the entire record in this case, and there is clearly an issue of whether plaintiff's impairments functionally equal a listing. The only opinion from any physician is from Dr. Evans, a non-examining state agency consultant. Docket 8, p. 53-59. Not only did Dr. Evans not examine plaintiff, but also his opinion was provided on November 2, 2012, only one month after the application was filed, at which time plaintiff was only two months old. Dr. Evans did not have all of plaintiff's medical records at the time he provided his opinion. After the doctor reported his opinion, plaintiff underwent surgery on May 7, 2013, which involved exploration of the right supraclavicular brachial plexus. Docket 8, p. 287. Since surgery, she has participated in extensive physical therapy and has aged such that her

impairments may more easily be evaluated than they could at two months old. The ALJ attempts to blame the lack of a consultative examination on plaintiff's failure to attend scheduled examinations, but the hearing transcript makes clear that the agency sent the notice of the two scheduled consultative examinations to the wrong address. Docket 8, p. 70, 21-22. Her failure to attend the examinations was not a failure to cooperate with the agency.

Social Security Regulation 96-6p requires the ALJ to obtain an opinion from a physician on the issue of equivalence. Further, SSR 96-6p also dictates that where an ALJ finds that an impairment is not equivalent in severity to a listing, the ALJ **must** obtain an updated medical opinion when the agency receives additional medical evidence that may change the state agency physician's finding that the impairment is not equivalent to a listing. The court has no doubt that review of medical records from plaintiff's surgery, physical therapy and ongoing care may have changed the agency physician's opinion concerning equivalency. Dr. Evans had already determined that plaintiff had a marked limitation in "moving about and manipulating objects" and it is highly likely that given plaintiff's medical history, a consulting physician could now say that plaintiff also has marked limitations in either "caring for yourself" or "health and physical well-being" or an extreme limitation in "moving about and manipulating objects." The court concludes that the ALJ should have at the very least, obtained an updated consultative opinion, and preferably an examining opinion, as to equivalency after plaintiff's surgery and physical therapy.

The ALJ's conclusion was not supported by substantial evidence. The case is remanded to obtain a consultative examination and an opinion as to whether plaintiff's impairment meets, equals or functionally equals Listings 101.04 Disorders of the Spine, 101.08 Soft Tissue Injury,

and 111.06 Motor Dysfunction.  If medical evidence indicates a listing is met, equaled or functionally equaled, plaintiff should be granted benefits and a determination of benefits be made.

## IV.  CONCLUSION

The Commissioner's denial of benefits will be remanded for additional review in accordance with this opinion.  A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 2nd day of June, 2016.


 /s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE